NICHOLAS M. WAJDA (State Bar #259178)
Attorney Email Address: nick@wajdalawgroup.com
WAJDA LAW GROUP, APC
11400 West Olympic Boulevard
Suite 200M
Los Angeles, California 90064
Telephone: (310) 997-0471
Facsimile: (866) 286-8433
*Attorney for Plaintiff*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**
**FRESNO DIVISON**

HERMINIO CALDERON

Plaintiff,

v.

ASSET RECOVERY ASSOCIATES,

Defendant.

Case No.

**COMPLAINT FOR DAMAGES**

1. **VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692 ET SEQ.;**
2. **VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT PURSUANT TO 47 U.S.C. § 227;**
3. **VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE §1788 ET SEQ.**

**DEMAND FOR JURY TRIAL**

## COMPLAINT

**NOW COMES** HERMINIO CALDERON ("Plaintiff"), by and through his attorneys, WAJDA LAW GROUP, APC ("Wajda"), complaining as to the conduct of Defendant ASSET RECOVERY ASSOCIATES ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692, violations of the Telephone Consumer

Protection Act ("TCPA") pursuant to 47 U.S.C. §227, and violations of the Rosenthal Fair Debt Collection Practices Act ("RFDCPA") pursuant to Cal. Civ. Code §1788.

## JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the FDCPA, TCPA and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Plaintiff resides in the Eastern District of California, Defendant conducts business in the Eastern District of California, and all of the events or omissions giving rise to the claims occurred within the Eastern District of California.

## PARTIES

4. Plaintiff is a consumer and natural person over 18-years-of-age who, at all times relevant, is a "consumer" as defined by 15 U.S.C. § 1692a(3).

5. Defendant is a collection agency with the primary purpose of collecting or attempting to collect consumer debts owed or allegedly owed to others. Defendant is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others using the mail and/or telephone, including consumers in the State of California.

6. Defendant's principle office is located at 1919 South Highland Ave., Suite 225A, Lombard, Illinois 60148.

7. Defendant acted through its agents, vendors, employees, officers, members, directors, heirs, third party contractors, successors, assigns, principals, trustees, sureties, third-party contactors, subrogees, representatives and insurers at all times relevant to the instant action.

**FACTS SUPPORTING CAUSES OF ACTION**

8. On May 28, 2019, Plaintiff received an unfamiliar collection call from Defendant, attempting to collect on an alleged Fireside Bank credit card debt ("subject debt").

9. Plaintiff is not aware of the existence nor the validity of the subject debt.

10. Plaintiff is not fluent in the English language.

11. After Plaintiff received Defendant's collection call, he informed his daughter ("Perla") about Defendant's phone call and asked that Perla contact Defendant to ascertain the identity of the company that was calling her father.

12. Perla then contacted Defendant on Plaintiff's behalf to further inquire as to Defendant's identity.

13. Upon contacting Defendant, Perla was transferred to an agent of Defendant by the name of "Robert."

14. Robert falsely informed Perla that Plaintiff allegedly owes an outstanding credit card balance roughly in the amount of $9,000.00 and that Defendant is willing to settle the matter for $2,450.00.

15. With Plaintiff's permission, Perla explained to Defendant that Plaintiff never owned a credit card and the alleged debt does not belong to him.

16. Defendant falsely communicated to Perla that her father did own a credit card and the last activity on the card was in 2001.

17. Defendant falsely communicated to Perla that Plaintiff will be responsible for the entire balance and a Judge will not care for Plaintiff's explanation. Defendant then demanded from Perla that Plaintiff make a $600.00 payment in order to secure the account.

18. Plaintiff *never* authorized Defendant to contact him or Perla on their respective cellular telephones.

19. Nevertheless, Defendant placed numerous harassing calls to Plaintiff's cellular phone without his consent.

20. Defendant also left threatening voicemail messages on Plaintiff's cellular phone in Spanish informing Plaintiff, in a threatening tone, that it was explained to Perla what would happen to Plaintiff if the debt was not paid.

21. On at least one of the voicemail messages Defendant left on Plaintiff's cellular phone, Defendant strongly suggested that Plaintiff must contact Defendant within 24 hours to disclose information regarding the identity of Plaintiff's attorney who will represent him in the impending legal action against him.

22. The State of California has a statute of limitations period of four years to bring legal action to collect upon consumer debts.

23. By Defendant's own admission, the last activity on the alleged credit card in relation to the subject debt was in 2001.

24. Plaintiff never incurred the subject debt. However, even if he had, the statutory period for legal action to be taken against him would have run sometime in 2005.

25. Defendant still attempted to coerce Plaintiff into making a payment towards the subject debt by implying legal action would be taken against him when in fact, no such legal action could be brought against him for reasons alleged.

26. Furthermore, Defendant placed numerous harassing and threatening phone calls to Perla's cellular telephone, without Plaintiff's consent.

27. Notwithstanding the fact that Defendant never had consent to contact Plaintiff on his cellular phone, Defendant continued its phone harassment campaign in order to harass Plaintiff into submission and ultimately pay the subject debt.

28. Moreover, in the phone calls Plaintiff answered, Plaintiff was greeted by a noticeable period of "dead air" while Defendant's telephone system attempted to connect Plaintiff to a live agent.

29. Specifically, there would be an approximate 3 second pause between the time Plaintiff said "hello," and the time that a live agent introduced them self as a representative of Defendant attempting to collect on the alleged debt.

30. Likewise, Plaintiff also heard what sounded to be call center noise in the background of Defendant's collection calls.

31. The phone numbers that Defendant most often used to contact Plaintiff are (630) 358-6966, (630) 358-6869, and (630) 358-6861, but upon information and belief, it may have used other phone numbers to place calls to Plaintiff's cellular phone.

32. Upon information and belief, Defendant placed its calls to Plaintiff's cellular telephone number using an automated telephone dialing system that is commonly used in the debt collection industry to collect defaulted debts.

## DAMAGES

33. Defendant's harassing conduct has severely disrupted Plaintiff's daily life and general well-being.

34. Defendant's phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, intrusion upon and occupation of Plaintiff's cellular telephone capacity, wasting Plaintiff's time, the increased risk of personal injury resulting from the distraction caused by the phone calls, aggravation that accompanies unsolicited telephone calls, emotional distress, mental anguish, anxiety, loss of concentration, diminished value and utility of telephone equipment and telephone subscription services, the loss of battery charge, and the per-kilowatt electricity costs required to recharge his cellular telephone as a result of increased usage of his telephone services.

35. In addition, each time Defendant placed a telephone call to Plaintiff, Defendant occupied Plaintiff's telephone number such that Plaintiff was unable to receive other phone calls.

36. Concerned about the violations of his rights, Plaintiff was forced to seek the assistance of counsel to file this action to compel Defendant to cease its unlawful conduct.

**COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

37. Plaintiff repeats and realleges paragraphs 1 through 36 as though fully set forth herein.

38. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

39. The alleged debt is a "debt" as defined by FDCPA §1692a(5) as they arise out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

40. Defendant is a "debt collector" as defined by §1692a(6) because its primary business is the collection of delinquent debts and it regularly collects debts and uses the mail and/or the telephones to collect delinquent accounts allegedly owed to a third party.

41. Moreover, Defendant is a "debt collector" because it acquired rights to the subject debt after it was in default. 15 U.S.C. §1692a(6).

42. Defendant used the telephone to attempt to collect the subject debt and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

43. Defendant's communications to Plaintiff was made in connection with the collection of the subject debt.

44. Defendant violated 15 U.S.C. §§1692b(2), b(3), c(a)(1), c(b), d, d(5), e, e(2)(a), e(5), e(10) and f through its unlawful debt collection practices.

**a. Violations of the FDCPA § 1692b**

45. Defendant violated §1692b(2) by divulging more information to Perla than it was legally allowed to. With permission from Plaintiff, Perla contacted Defendant to ascertain the identity of the entity that was contacting her father. In a brazen attempt to collect from Plaintiff a debt which

he did not owe, Defendant proceeded to provide false information to Perla regarding the subject debt. Furthermore, this information should not have been provided to Perla without Plaintiff's express consent.

46. Defendant violated §1692b(3) by contacting Perla more than once. Defendant placed numerous harassing phone calls to Perla's cellular phone without Defendant's consent in relation to the alleged subject debt which was not owed by Plaintiff.

**b. Violations of the FDCPA § 1692c**

47. Defendant violated §1692c(a)(1) when it called Plaintiff when it did not have consent to do so. This repeated behavior of continuously and systematically calling Plaintiff's cellular phone repeatedly when it had no legitimate reason to was harassing and abusive. Even after being informed that Plaintiff did not owe the subject debt, Defendant continued its onslaught of phone calls with the specific goal of oppressing and abusing Plaintiff into satisfying the alleged subject debt.

48. Defendant violated §1692c(b) when it called Perla in relation to the alleged subject debt. Plaintiff never expressly authorized Defendant to contact his daughter in any way regarding the subject debt. Defendant's actions were not reasonably necessary to effectuate any kind of judicial remedy as Defendant does not have any pending legal action against Plaintiff. Furthermore, Defendant is barred from bringing any claims against Plaintiff in relation to the subject debt because he does not owe the subject debt. Even if Plaintiff is responsible for the subject debt, the statutory period for bringing a claim against Plaintiff has long passed due to California's statute of limitations period.

**c. Violations of the FDCPA § 1692d**

49. Defendant violated §1692d by engaging in abusive, harassing, and oppressive conduct by calling Plaintiff's cellular phone seeking immediate payment on the alleged subject debt. Moreover,

Defendant continued placing the relentless calls with knowledge that Plaintiff does not owe the subject debt. Defendant's conduct in contacting Plaintiff's daughter when it did not have permission from Plaintiff to do so also underscores Defendant's abusive, harassing, and oppressive conduct in collecting a debt that could not legally be collected.

50. Defendant violated §1692d(5) by causing Plaintiff's cellular phone to ring in an attempt to engage Plaintiff in conversations regarding the collection of the alleged debt with the intent to annoy, abuse, or harass Plaintiff. Specifically, Defendant placed or caused to be placed harassing phone calls to Plaintiff's cellular telephone in an attempt to collect a debt Defendant does not legally owe.

**d. Violations of the FDCPA § 1692e**

51. Defendant violated §1692e by engaging in false, deceptive, and misleading representation in connection to the alleged subject debt.

52. Defendant violated §1692e(2)(a) by falsely representing that the subject debt was owed by and legally collectible from Plaintiff. Plaintiff did not owe the subject debt at the times Defendant made its attempts to collect the same.

53. Defendant violated §1692e(5) by falsely threatening Plaintiff with legal action if the subject debt was not paid. Defendant made multiple references to legal actions to be taken against Plaintiff if the subject was not paid. These threats could not be legally carried out as Plaintiff does not owe the subject debt.

54. Defendant violated §1692e(10) by using false representations and deceptive means to attempt to collect the subject debt. Specifically, Defendant falsely and deceptively represented to Plaintiff that the subject debt was owed by and legally collectible when in fact, it was not.

55. Specifically, Defendant falsely communicated to Plaintiff's daughter that if Plaintiff did not satisfy the subject debt, then a Judge would rule against Plaintiff. Defendant's misleading representations caused Plaintiff to panic and worry.

**e. Violations of 15 U.S.C § 1692f**

56. Defendant violated §1692f by using unfair and unconscionable means in connection to the collection of the subject debt.

57. Defendant unconscionably continued to contact Plaintiff and his daughter when it did not have consent to do so. Defendant's harassing conduct was unfair because it attempted to annoy and harass Plaintiff into submission with the intention of forcing Plaintiff to pay the subject debt even though he did not owe the subject debt.

58. Furthermore, it was unfair for Defendant to communicate to Plaintiff that a Judge would rule against him if he did not pay the subject debt. Defendant's conduct was worrisome to Plaintiff.

59. As pled above, Plaintiff was severely harmed by Defendant's harassing conduct.

60. As an experienced debt collector, Defendant knew or should have known the ramifications of its harassing conduct towards Plaintiff and his family.

61. Upon information and belief, Defendant systematically engages in unsolicited, harassing, and abusive debt collection activities to consumers in California in order to aggressively collect debts in default to increase its profitability at the consumers' expense.

**WHEREFORE**, Plaintiff, HERMINIO CALDERON, respectfully requests that this Honorable Court grant the following:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;

c. Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and

d. Award any other relief as the Honorable Court deems just and proper.

## COUNT II – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

62. Plaintiff restates and realleges paragraphs 1 through 61 as though fully set forth herein.

63. Defendant repeatedly placed or caused to be placed frequent non-emergency calls, including but not limited to the calls referenced above, to Plaintiff's cellular telephone number using an automatic telephone dialing system ("ATDS") without Plaintiff's prior consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

64. The TCPA defines ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers." 47 U.S.C. §227(a)(1).

65. Upon information and belief, based on Defendant's lack of prompt human response during the phone calls in which Plaintiff answered, Defendant used an ATDS to place calls to Plaintiff's cellular telephone.

66. Upon information and belief, the ATDS employed by Defendant transfers the call to a live agent once a human voice is detected, thus resulting in a pause after the called party speaks into the phone.

67. Defendant violated the TCPA by placing numerous phone calls to Plaintiff's cellular telephone, using an ATDS without his prior consent.

68. As pled above, Plaintiff was severely harmed by Defendant's collection calls to his cellular phone.

69. Upon information and belief, Defendant has no system in place to document and archive whether it has consent to continue to contact consumers on their cellular phones.

70. Upon information and belief, Defendant knew its collection practices were in violation of the TCPA, yet continued to employ them to increase profits at Plaintiff's expense.

71. Defendant, through its agents, representatives, vendors, subsidiaries, third party contractors and/or employees acting within the scope of their authority acted intentionally in violation of 47 U.S.C. §227(b)(1)(A)(iii).

72. Pursuant to 47 U.S.C. §227(b)(3)(B), Defendant is liable to Plaintiff for a minimum of $500 per phone call. Moreover, pursuant to 47 U.S.C. §227(b)(3)(C), Defendant's willful and knowing violations of the TCPA triggers this Honorable Court's discretion to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. §227(b)(3)(C).

**WHEREFORE**, Plaintiff HERMINIO CALDERON respectfully prays this Honorable Court for the following relief:

a. Declare Defendant's phone calls to Plaintiff to be violations of the TCPA;
b. Award Plaintiff damages of at least $500 per phone call and treble damages pursuant to 47 U.S.C. § 227(b)(3)(B)&(C); and
c. Awarding Plaintiff costs and reasonable attorney fees;
d. Enjoining Defendant from further contacting Plaintiff; and
e. Awarding any other relief as this Honorable Court deems just and appropriate.

**COUNT III – VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**

73. Plaintiff restates and realleges paragraphs 1 through 72 as though fully set forth herein.

74. Plaintiff is a "person" as defined by Cal. Civ. Code § 1788.2(g).

75. The alleged subject debt is a "debt" and "consumer debt" as defined by Cal. Civ. Code § 1788.2(d) and (f).

76. Defendant is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

**a. Violations of RFDCPA § 1788.11(d)**

77. The RFDCPA, pursuant to Cal. Civ. Code § 1788.11(d), states that a debt collector may not cause "a telephone to ring repeatedly or continuously to annoy the person called."

78. Defendant violated the RFDCPA when it called Plaintiff's cellular telephone without his consent. This repeated behavior of systematically calling Plaintiff's cellular telephone was done with the purpose of annoying and scaring Plaintiff.

**b. Violations of RFDCPA § 1788.11(e)**

79. The RFDCPA, pursuant to Cal. Civ. Code § 1788.11(e), states that a debt collector may not communicate "by telephone or in person, with the debtor with such frequency as to be unreasonable and to constitute a harassment to the debtor under the circumstances."

80. Defendant violated the RFDCPA when it continuously called Plaintiff's cellular phone without his consent. This repeated behavior of systematically calling Plaintiff's cellular phone was unreasonable and harassing. The repeated contacts were made with the hope that Plaintiff would succumb to the harassing behavior and ultimately make a payment on the alleged subject debt. The frequency and volume of calls, shows that Defendant willfully ignored the fact that it did not have consent to contact Plaintiff with the intent of harassing him.

**WHEREFORE**, Plaintiff, HERMINIO CALDERON, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. Award Plaintiff actual damages, pursuant to Cal. Civ. Code § 1788.30(a);

c. Award Plaintiff statutory damages up to $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b);

d. Award Plaintiff costs and reasonable attorney fees as provided pursuant to Cal. Civ. Code § 1788.30(c); and

e. Award any other relief as the Honorable Court deems just and proper.

Dated: June 27, 2019

Respectfully submitted,

By: /s/ Nicholas M. Wajda
Nicholas M. Wajda
WAJDA LAW GROUP, APC
11400 West Olympic Boulevard, Suite 200M
Los Angeles, California 90064
Telephone: (310) 997-0471
Facsimile: (866) 286-8433
Email: nick@wajdalawgroup.com